Odile CEESAY, Petitioner,

v.

Michael B. MUKASEY,* Respondent.

Nos. 05–6641–ag, 06–1819–ag.

United States Court of Appeals, Second Circuit.

Aug. 18, 2008.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Lynn Neugebauer, Safe Horizon Immigration Law Project, Jackson Heights, NY, for Petitioner.

Margaret Kolbe, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, on the brief, Susan Corkery, Andrea Goldbarg, Assistant United States Attorneys, of counsel), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Odile Ceesay, a native and citizen of the Gambia, petitions this court for review of two decisions of the Board of Immigration Appeals: (1) a November 17, 2005 decision reversing the IJ's grant of her application for asylum, and affirming the IJ's denial of withholding of removal and CAT relief, *In re Odile Ceesay,* No. A78–212–762 (B.I.A. Nov. 17, 2005), *aff'g in part and rev'g in part* No. A78–212–762 (Immig. Ct. N.Y. City, Dec. 15, 2003), and (2) a March 20, 2006 decision denying her motion to reopen, *In re Odile Ceesay,* No. A78–212–762 (B.I.A. Mar. 20, 2006). Also under review is a motion to correct the administrative record that, on December 19, 2007, was provisionally granted by this court subject to further order of the merits panel. We assume the parties' familiarity with the facts and procedural history of this case, and the scope of the issues presented by this petition for review.

"[W]e review the factual findings of the BIA for substantial evidence." *Almeida–Amaral v. Gonzales,* 461 F.3d 231, 233 (2d Cir.2006); *see also* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). "[I]ssues of law are reviewed de novo." *Almeida–Amaral,* 461 F.3d at 234. When the BIA determines that "the facts [at issue in a particular case] d[o] not meet the legal definition of persecution ... [there] is a mixed question of law and fact, which we review de novo." *Mirzoyan v. Gonzales,* 457 F.3d 217, 220 (2d Cir.2006) (per curiam).

In its November 17, 2005, decision, the BIA concluded that petitioner had not suffered past persecution on account of being HIV-positive, and that although petitioner was likely to be discriminated against because of her medical status if returned to the Gambia, this discrimination did not rise to the level of persecution.

The BIA was correct that discrimination and persecution are distinct concepts. *See Damko v. INS,* 430 F.3d 626, 637 (2d Cir.2005) ("[P]ersecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional ... and [d]iscrimination ..., as morally reprehensible as it

may be, does not ordinarily amount to persecution within the meaning of the [INA]." (internal citations and quotation marks omitted)). But the BIA did not explain what standard for persecution it used in making its decision, nor what understanding of "discrimination" it used as a basis for the distinction. The omission is particularly significant in a case such as this where petitioner's persecution claim is based largely on the anticipated actions of private individuals, which she ascribes to the government because of the latter's failure to act in various respects. *See Pavlova v. INS*, 441 F.3d 82, 91 (2d Cir. 2006) (noting that although direct governmental action is not required for a persecution claim, private acts constitute persecution only if "the government has proven unwilling to control such actions"). Without an explanation of the agency's understanding of persecution and discrimination, we cannot determine whether the denial was based on an assessment of the severity of concerns identified by petitioner or the degree of government responsibility. Thus, we cannot assess the merits of petitioner's contention that the cumulative effect of societal ostracism, loss of employment, loss of family support, and the possibility that as a woman she would be considered responsible for her husband's illness and demise add up to a reasonable fear of future persecution, and not mere discrimination. *See Mirzoyan*, 457 F.3d at 221("To give deference to a BIA construction [of the INA], ... we must first be able to determine what construction the BIA has adopted. Where we are unable to make this determination, we may remand to the BIA for clarification." (internal citation omitted)); *see also Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 340 (2d Cir.2006) (vacating and remanding a denial of asylum because, *inter alia*, the IJ's "opinion failed to distinguish adequately between harassment and

persecution" (internal quotation marks omitted)).

A further concern arises as to whether the BIA overlooked material record evidence. The only evidence cited by the BIA in its November 17, 2005, decision was the Department of State's 2004 Country Report ("2004 Country Report"). According to the BIA, the Report establishes that "[a]lthough there is some evidence that individuals who are HIV-positive suffer discrimination in the Gambia, there is no evidence of more serious harm." There were, however, other parts of the State Department report that indicated otherwise. *See, e.g.*, 2004 Country Report, Section 5(indicating that "[s]tigma and discrimination hindered disclosure [of individuals' HIV/AIDS status] and led to rejection from partners and relatives" and that "[i]n some cases, persons infected with HIV/AIDS were prevented from meeting visitors"). Furthermore, the petitioner put forth evidence, independent of the 2004 Country Report, indicating that she might be subjected to persecution by governmental and non-governmental actors if she returned. This evidence was not assessed by the BIA.

"Despite our generally deferential review of IJ and BIA opinions, we require ... some indication that the [BIA] considered material evidence supporting a petitioner's claim." *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir.2005). The BIA provides no adequate indication here. *Cf. Tambadou v. Gonzales*, 446 F.3d 298, 304 (2d Cir.2006) (vacating and remanding the BIA's denial of an asylum claim when the BIA's opinion "used an outdated Report that may not have accurately reflected the current [country] conditions ..., accepted general statements in this outdated Report as fact, ignored the complexities of the reported information, did not make an individualized assessment of [petitioner]'s

situation, and failed to consider his evidence which contradicted the changed conditions described in the Report"); *Ivanishvili,* 433 F.3d at 341 (vacating and remanding a denial of asylum when the IJ decision, inter alia, "relied on ... [a] [State Department] Country Report ... to find that the problems with harassment of Jehovah's Witnesses in Georgia did not amount to persecution, [but] ... did not even mention the substantial testimony regarding petitioner's alleged religious persecution ... [or] explicitly find such testimony incredible" (internal quotation marks omitted)); *Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004) (cautioning against "plac[ing] excessive reliance on published reports of the Department of State").

Ultimately, we may well agree with the BIA that the petitioner has not suffered past persecution and does not have a well-founded fear of future persecution. However, we cannot make this assessment until the BIA sets forth the standard it used to distinguish between persecution and harassment, and makes clear that it has considered and weighed the material record evidence.

We therefore hereby GRANT the petition for review for review of the BIA's November 17, 2005 decision, and RE-MAND this case for further proceedings consistent with this decision. Accordingly, we need not, and do not, reach the merits of the petition to review the BIA's March 20, 2006, denial of petitioner's motion to reopen, or the provisionally granted motion to correct the administrative record. *See Heu Long Siong v. INS,* 376 F.3d 1030, 1042 (9th Cir.2004).